UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MARILYN SODERLUND,<br><br>        Plaintiff,<br><br>    v.<br><br>THE DAILY NEWS, NICK D'AUGUSTINO, in his official capacity,<br><br>        Defendants. | Case No. C05-5449RJB<br><br>ORDER ON MOTION FOR ATTORNEYS' FEES AND COSTS |

      This matter comes before the Court on Defendants Motion for Attorneys' Fees and Costs. Dkt. 18. The Court has reviewed all documents filed regarding this Motion, has reviewed the entire file, and is fully advised.

### I.   BASIC and PROCEDURAL FACTS

      In accordance with the Joint Status Report, Plaintiff was to have identified the "Doe" defendants by November 18, 2005. Dkt. 13, at 2. Plaintiff failed to do so. Defendants' Motion to Dismiss the "Doe" Defendants was granted on January 3, 2006. Dkt. 17. The Court ordered that Plaintiff reimburse Defendants reasonable fees and costs associated in bringing the Motion to Dismiss the "Doe" Defendants. *Id.* Defendant now moves for attorneys' fees and costs. Dkt. 18.

/

//

ORDER
Page - 1

## II. **DISCUSSION**

### A. ATTORNEYS FEES

The Court may award claims for attorneys' fees. Fed. R. Civ. P. 54(d)(2). In determining what attorney's fee is reasonable in a particular case, the court arrives at the "lodestar amount" by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Jordan v. Multnomah County,* 799 F.2d 1262, 1265 (9th Cir. 1986)(*quoting Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983)). Once the number of reasonable hours is determined, the district court must set a reasonably hourly rate considering the experience, skill, and reputation of the attorney requesting fees.

In reviewing a claim for attorney's fees, the court should consider the following factors: (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.,* 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied,* 425 U.S. 951 (1976). These considerations are consistent with Washington Rules of Professional Conduct 1.5.

The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked. *Gates v. Gomez,* 60 F.3d 525, 534-5 (9th Cir. 1995). The party opposing the fee application has a burden of rebuttal that requires submission of evidence to the district court challenging the accuracy and reasonableness of the hours charged or the facts asserted by the prevailing party in its submitted affidavits. *Id.*

Defendant has requested $1,532.50 in attorneys' fees for the preparation and filing of the Motion to Dismiss the "Doe" Defendants. Dkt. 19, at 3. Defendant has requested $1,195.50 in attorneys' fees for the preparation and filing of the instant motion for attorneys fees and costs. *Id.* This opinion will now examine the *Kerr* factors to determine if this request is reasonable.

*Time and labor:* Defendants are represented by Heidi Guettler and Richard Meneghello, out-of-state attorneys from Fisher & Phillips LLP, who are appearing *pro hac vice*. Support staff from the firm is also

worked on the motion. The attorneys and staff expended 14 hours in preparing and filing their Motion to Dismiss the "Doe" Defendants and the present motion. *Id.* The attorneys billed their client at the following rate: 1) $275.00/hour for Heidi Guettler, 2) $295.00/hour for Richard Meneghello, and 3) $140.00/hour for staff. Dkt. 19, at 2. The attorneys applied their usual rates to the amount of time each spent on the case, and arrived at lodestar amounts for each attorney and for staff.

*Novelty of the case and requisite skill:* The motions for which Defendants move for an award of attorneys' fees are not novel and require little skill. The Motion to Dismiss the "Doe" Defendants included no more than three pages (including a certificate of service), and was supported by a ten page declaration. Dkts. 15 and 16. It was not opposed. The Motion for Attorneys' Fees and Costs was also three pages (including a certificate of service), and was supported by a fifteen page declaration. Very little skill would be required to note that Plaintiff had failed to comply with the Joint Status Report, and file a motion to dismiss the "Doe" defendants.

*Preclusion of employment elsewhere, fixed or contingent fee, time limitations, length of relationship, and similar awards*: Although counsel was unable to work on other cases while they were working on these motions, this would not present a significant hardship. This factor has little impact in determination of the reasonable fee.

*Customary fee:* The attorneys have substantial experience and expertise in the area of employment law. Dkt. 19, at 2. They attested to the customary fees for this type of case. *Id.* The Court has no reason to discredit their assertions.

*Amount involved and results:* The number of hours spent on the two motions is excessive. These motions were simple and should not have required fourteen hours of these experienced attorneys' time. These motions should have taken no more than two hours total.

*Experience, reputation*: The attorneys in this case are experienced and knowledgeable in the area of employment law. Dkt. 19, at 2. Each had at least nine to ten years experience. *Id.* However, the motion at issue in this case could have been handled expeditiously by any practitioner without special employment law knowledge or expertise.

The Court also notes that this motion was probably unnecessary. Such matters are often handled as part of the pre-trial order preparation or by oral motion at the pre-trial conference or other pre-trial court

1  appearances. If the joinder deadline passed, no parties would be added to the case and Defendants would
2  be protected without such a motion and order.
3  *Undesirability of Case*: This case is neither desirable nor undesirable.
4      Defendants' request for a total of $2,728.00 in attorneys fees for these two simple motions is
5  excessive. Heidi Guettler drafted the two motions and supporting documents. Dkt. 19. The Court should
6  award attorneys fees for two hours at Heidi Guettler's rate ($275.00) for a total of $550.00.
7      **B.**    **COSTS**
8      The court may award full costs to a prevailing party. 17 U.S.C. § 505; Fed. R. Civ. Pro. 54(d)(1).
9  Those costs, which may include such expenses as postage, an investigator, copying costs, hotel bills, meals,
10 messenger service, and employment record reproduction, may exceed taxable costs pursuant to 28 U.S.C.
11 § 1914 and Fed., R. Civ. Pro. 54(d). *Harris v. Marhoefer*, 24 F.3d 16, 18 (9th Cir. 1994).
12     As the prevailing party, Defendants are entitled to costs it expended. Fed. R. Civ. P. 54(d)(1).
13 Defendant should be awarded the $14.60 in costs that it requested.
14     **III. ORDER**
15     Therefore, it is hereby,
16     **ORDERED** that the Defendants' Motion for Costs and Necessary Disbursements (Dkt. 35) is
17 **GRANTED IN PART**, Defendants are awarded to $564.60 against Plaintiff's counsel.
18     The Clerk of the Court is directed to send uncertified copies of this Order to all counsel of record
19 and to any party appearing *pro se* at said party's last known address.
20     DATED this 26th day of January, 2006.

*(signature)*
Robert J. Bryan
United States District Judge